# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIIO
# EASTERN DIVISION

**ALEX DOUGLAS**,

1392 North Fourth Street
Columbus, OH 43201

and,

**SAMUEL PRESTWOOD**,

731 Quail Hollow Drive South
Marysville, OH 43040

and,

**JITTANIA SMITH**,

209 12th Avenue South, Unit A345
Seattle, WA 98144

        **PLAINTIFFS**,

  v.

**ZULILY, LLC**,

C/O Statutory Agent
Incorporating Services, Ltd.
145 Baker Street
Marion, OH 43302

and,

**REGENT, L.P.**,

9720 Wilshire Boulevard, Sixth Floor
Beverly Hills, CA 90212

and,

**ZULILY ABC, LLC**,

C/O Douglas P. Wilson

CASE NO. 2:24-cv-2916

JUDGE

MAGISTRATE JUDGE

1620 Fifth Avenue, Suite 400
San Diego, CA 92101

**DEFENDANTS**.

**CLASS ACTION COMPLAINT WITH JURY DEMAND**

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | NATURE OF THE CLAIMS | 1 |
| II. | JURISDICTION AND VENUE | 2 |
| III. | PARTIES | 3 |
| | A. The Plaintiffs | 3 |
| | B. The Defendants | 4 |
| IV. | FACTS | 5 |
| | A. Zulily's Business and Employees | 5 |
| | B. Defendant Regent Acquires Defendant Zulily | 6 |
| | C. Defendant Regent Liquidates Zulily and Fails to Give WARN Act Notice | 7 |
| V. | CLASS ACTION ALLEGATIONS | 9 |
| VI. | CLAIMS FOR RELIEF | 12 |
| | COUNT I | 12 |
| | COUNT II | 13 |
| | COUNT III | 14 |
| VII. | PRAYER FOR RELIEF | 15 |
| VIII. | JURY DEMAND | 15 |

I.     NATURE OF THE CLAIMS

1. This matter is a class action for systemic violations of the federal Worker Adjustment and Retraining Notification Act of 1988 (WARN), and related state law claims.

2. Defendant Zulily, LLC is an e-commerce company that sells various merchandise out of its fulfillment centers. At its peak, the company was worth billions of dollars and employed around 1,000 people. But since its initial public offering in November of 2013, the company was continually sold to new owners who struggled to maintain its profitability.

3. In May of 2023, private equity firm Defendant Regent, L.P. purchased Defendant Zulily, LLC. As a result of this acquisition, the former owned, operated, and controlled the latter. By December of 2023, however, Defendant Regent, L.P. decided that Defendant Zulily, LLC was no longer a viable company and chose to voluntarily liquidate it. As part of this voluntary liquidation, Defendant Regent, L.P. ordered the layoff of the following employees of Defendant Zulily, LLC: around 300 employees in the State of Washington, and around 550 employees in the State of Ohio and the State of Nevada.

4. When Defendant Regent, L.P. ordered these layoffs, neither it nor Defendant Zulily, LLC provided sixty-day WARN Act notices or pay to all affected employees. Instead, they provided it only to affected employees who worked in-person. Defendant Regent, L.P. apparently decided it could save money in the liquidation process if it did not provide sixty-day WARN Act notices or pay to any remote workers. Specifically, management disclosed to some of the laid off workers that Defendant Regent, L.P.'s lawyers had supposedly found a "loophole" in the WARN Act for remote employees under which the statute allegedly did not apply to them. This was not accurate, however, and the WARN Act does in fact cover remote employees who are affected by a "plant closing" or "mass layoff" as defined by the statute.

1

5. Plaintiffs are some of those affected remote employees from the State of Ohio and the State of Washington. They worked remotely for Defendant Zulily, LLC, were laid off, and did not receive sixty days' notice or pay under the WARN Act. They are entitled to those wages, plus the applicable waiting-time penalties under state law for failure to timely pay those wages. Plaintiffs intend to represent, in this class action, all of Defendant Zulily, LLC's remote workers who were wrongfully denied their rights under the WARN Act and related state law.

6. Finally, Defendant Zulily ABC, LLC is an entity that is a wholly owned subsidiary of the Douglas Wilson Companies, and is acting as Defendant Zulily, LLC's liquidator. Defendant Zulily ABC, LLC, however, has continued to operate the Zulily business as a going concern with active employees to both collect assets and pay out claims to creditors. It was, therefore, not solely a "liquidator." Rather, it operated as a successor entity under the WARN Act and related state law claims.

7. Accordingly, Plaintiffs have filed this putative class action. They seek to recover for the harm they and others similarly situated have suffered, to punish Defendants for their conduct, and to deter Defendants from ever perpetrating their conduct against any other person.

## II.  JURISDICTION AND VENUE

8. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiffs' claims made under federal law because those claims constitute a civil action arising under the Constitution, laws, or treaties of the United States.

9. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiffs' claims made under state law because those claims are so related to the claims made under federal law that they form part of the same case or controversy under Article III of the United States Constitution.

10. Pursuant to Ohio Revised Code Sections 2307.381-.385, and the Due Process Clauses of the federal and Ohio Constitutions, this Court has personal jurisdiction over Defendants for the following reasons: they transacted business in this state; they caused tortious injury by an act or omission in this state; they caused tortious injury in this state to Plaintiffs by an act outside this state committed with the purpose of injuring Plaintiffs, when they might reasonably have expected that some person would be injured thereby in this state; and/or they purposefully availed themselves of the privilege of acting in Ohio, the causes of action arise out of their activities in Ohio, and the exercise of jurisdiction over them is reasonable.

11. Pursuant to 28 U.S.C. § 1391(b)(2), this Court is the appropriate venue because the Southern District of Ohio is a judicial district in which a substantial part of the events or omissions giving rise to the claims for relief occurred.

12. Pursuant to Rule 82.1(e) of the Local Civil Rules of the United States District Court for the Southern District of Ohio, the Eastern Division at Columbus is the appropriate division because the defendants are not residents of the State of Ohio and a substantial part of the events or omissions giving rise to the claims for relief occurred in Franklin County.

### III. PARTIES

**A. The Plaintiffs**

13. Plaintiff Alex Douglas ("Plaintiff Douglas") is a natural person who is a resident of Franklin County, Ohio. He worked for Defendant Zulily, LLC as a Customer Service Quality Assurance Supervisor from August of 2017 until he was laid off on December 13, 2023.

14. Plaintiff Samuel Prestwood ("Plaintiff Prestwood") is a natural person who is a resident of Union County, Ohio. He worked for Defendant Zulily, LLC as a Customer Operation Supervisor from November of 2018 until he was laid off on December 13, 2023.

15. Plaintiff Jittania Smith ("Plaintiff Smith") is a natural person who is a resident of King County, Washington. She worked for Defendant Zulily, LLC as a Software Development Engineer I from March of 2022 until she was laid off on December 13, 2023.

B. **The Defendants**

16. Defendant Zulily, LLC ("Defendant Zulily") is a limited liability company that formed in the State of Delaware and has its principal place of business in King County, Washington. It was owned, operated, and controlled by Defendant Regent, L.P., a private equity firm based in Los Angeles County, California. Upon information or belief, Defendant Regent, L.P. was one of Defendant Zulily's members. Plaintiffs otherwise do not know the identities, or states of citizenship, of Defendant Zulily's members. Defendant Zulily was an e-commerce company that sold various merchandise at fulfillment centers. The merchandise primarily consisted of clothes, toys, and home décor.

17. Defendant Regent, L.P. ("Defendant Regent") is a limited partnership that formed in the State of California and has its principal place of business in Los Angeles County, California. Plaintiffs do not know the identities, or states of citizenship, of Defendant Regent's partners. As noted, Defendant Regent is a California-based private equity firm that owned, operated, and controlled Defendant Zulily from May of 2023 up until its liquidation on or about December of 2023.

18. Defendant Zulily ABC, LLC ("Defendant ZABC") is a limited liability company formed by the Douglas Wilson Companies. Plaintiffs do not know its state of formation or its principal place of business. Plaintiffs also do not know the identities, or states of citizenship, of its members. The Douglas Wilson Companies, who are acting as liquidator of Defendant Zulily, formed Defendant ZABC as part of an assignment for the benefit of creditors. Defendant Zulily,

4

and its parent company, transferred substantially all its assets to Defendant ZABC as part of this assignment and to satisfy the claims of Defendant Zulily's creditors.  Defendant ZABC, however, continued to operate the Zulily business as a going concern with active employees.

## IV.  FACTS

### A.  Zulily's Business and Employees

19.  In 2009, Defendant Zulily was founded by former executives of an online jewelry retailer.  The company's website went live on January 27, 2010, with an initial focus on selling children's apparel.

20.  By November of 2013, Defendant Zulily went public by undertaking its initial public offering or "IPO."  At the time, the company had around 2.6 million active customers and around $331 million in annual revenue.

21.  Defendant Zulily's business model was to sell the products of its suppliers online on its website, delivering them from various brick-and-mortar fulfillment centers.

22.  In support of that business model, Defendant Zulily had employees (a) that worked in-person at its corporate headquarters; (b) that worked in-person at its fulfillment centers around the country; and/or (c) worked remotely from home all or some of the time.

23.  Defendant Zulily's remote workers were all assigned to or tied to specific brick-and-mortar locations.

24.  Defendant Zulily permitted some employees assigned to the corporate headquarters in Seattle, Washington to work remotely from home some or all the time. However, they still reported to the corporate office, received their company-provided supplies or equipment from the corporate office, received their IT and human resources support out of the corporate office, and had to attend meetings at the corporate office.

25. Defendant Zulily permitted some employees assigned to its fulfillment centers to work remotely from home some or all the time. However, they still reported to the fulfillment center, received their company-provided supplies or equipment from their assigned fulfillment center, received their IT and human resources support from their assigned fulfillment center, and had to attend meetings at their assigned fulfillment center.

26. As a result, despite being remote workers, all employees of Defendant Zulily reported to some physical location of the company.

27. Plaintiff Douglas and Plaintiff Prestwood were two remote workers assigned to Defendant Zulily's fulfillment center in Lockbourne, Ohio. When they were initially permitted to work remotely, the company required them to live within fifty miles of their assigned fulfillment center because they needed to be able to physically visit the Lockbourne fulfillment center to attend in-person meetings, obtain company-provided equipment such as their computers, and receive IT and human resources support. Throughout their employment with Defendant Zulily, they remained assigned to the Lockbourne, Ohio fulfillment center.

28. Plaintiff Smith was one remote worker assigned to Defendant Zulily's headquarters in Seattle, Washington. She still had to have on-site meetings with her supervisor at the headquarters, she received her company-provided equipment from the headquarters, and she received her IT and human resources support from the headquarters.

**B.     Defendant Regent Acquires Defendant Zulily**

29. In August of 2015, a couple years after going public, Defendant Zulily was purchased by Qurate Retail, Inc., also known as Qurate Retail Group ("Qurate").

30. Eight years later, in May of 2023, Qurate's stock had declined substantially. To avoid being delisted due to the decline, Qurate sold Defendant Zulily to Defendant Regent.

6

31. At that time Qurate sold to Defendant Regent, the latter had owned, operated, and controlled various companies. This included various retail and e-commerce companies.

32. At that time Qurate sold to Defendant Regent, Defendant Zulily's revenue had dropped significantly and there had been several layoffs.

**C.     Defendant Regent Liquidates Zulily and Fails to Give WARN Act Notice**

33. Initially, after the purchase, Defendant Regent attempted to make Defendant Zulily profitable. But by December of 2023, Defendant Regent made the decision that it could not continue to own, operate, and control Defendant Zulily.

34. As a result, Defendant Regent ordered the voluntary liquidation of Defendant Zulily while the company was still solvent. The former decided to close the latter and undertake what is called an "Assignment for the Benefit of Creditors" or "ABC." This was essentially an orderly wind-down of Defendant Zulily to satisfy the claims of creditors. Defendant Regent hired the Douglas Wilson Companies to complete that liquidation.

35. When Defendant Regent ordered the voluntarily liquidation of Defendant Zulily, it also ordered the following: the layoff of most of the employees of Defendant Zulily, the closing of the corporate headquarters, and the closing of all the fulfillment centers. The headquarters employed at least 50 or more employees including both in-person and remote workers assigned to the headquarters, substantially all of whom lost their jobs. The fulfillment centers all employed 50 or more employees including both in-person and remote workers assigned to the fulfillment centers, substantially all of whom lost their jobs.

36. In total, Defendant Regent ordered the mass layoff of 292 employees in the State of Washington, and another 547 employees in the State of Ohio and the State of Nevada. These layoffs occurred in waves: one layoff in October of 2023, and two layoffs in December of 2023.

7

Together, the layoffs were all part of the same decision ordered by Defendant Regent: to liquidate Defendant Zulily.

37. When Defendant Regent ordered the voluntary liquidation of Defendant Zulily, it also decided whether to give employees the sixty days of notice or pay required by the WARN Act. Defendant Regent decided to give WARN Act notice or pay to employees who worked in person while denying it to employees who worked remotely. Defendant Regent made the calculated decision, in consultation with its lawyers, that it could save money because of an alleged loophole in the WARN Act; namely, that it supposedly did not apply to remote workers. However, that is not correct. The WARN Act does, in fact, apply to remote workers. Certain members of management told laid off employees, including Plaintiffs, that Defendant Regent had made the decision to not provide WARN Act notice or pay to remote workers for these reasons.

38. When Defendant Regent ordered the voluntary liquidation of Defendant Zulily, it also decided whether to give certain laid off employees other jobs at other companies owned, operated, and controlled by Defendant Regent. Some employees were offered transfers to other companies under Defendant Regent's portfolio.

39. Plaintiffs Douglas, Prestwood, and Smith were all notified in December of 2023 that they were being laid off. They did not receive sixty days' advance notice or, alternatively, sixty days of pay. They also did not receive offers of employment at other companies under Defendant Regent's portfolio. Instead, their employment was terminated immediately.

40. Even though Defendant Regent ordered the liquidation of Defendant Zulily and the layoff of its employees, Defendant Zulily continued to be operated as a going concern by the Douglas Williams Companies, and specifically its wholly owned subsidiary of Defendant ZABC. This is because not all employees were terminated. While enough employees were terminated to

qualify for a "plant closing" or "mass layoff" under the WARN Act, some remained employed by Defendant ZABC to help complete Defendant Zulily's sales, vendor contracts, and other business activities. As a result, Defendant Zulily did not completely close.

41. Plaintiffs Douglas, Prestwood, and Smith have filed or will file proofs of claim with Defendant ZABC as part of the liquidation process and within the time period required, both on their own behalf individually and on behalf of all members of the proposed classes.

## V. CLASS ACTION ALLEGATIONS

42. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

43. Plaintiffs bring Count I on behalf of themselves and as a class action under Fed. R. Civ. P. 23(a) and 23(b)(3) seeking damages on behalf of the following class (the "Federal WARN Act Class"):

> **All employees of Defendant Zulily, LLC for whom the following are true: (i) who were laid off at any time between December 13, 2023, and the ninety days preceding it; and (ii) who did not receive sixty days' advance notice or sixty days of pay.**

44. Plaintiffs Douglas and Prestwood bring Count II on behalf of themselves and as a class action under Fed. R. Civ. P. 23(a) and 23(b)(3) seeking damages on behalf of the following class (the "Ohio State Law Class"):

> **All members of the Federal WARN Act Class who worked for Defendant Zulily, LLC in the State of Ohio at the time of their termination.**

45. Plaintiff Smith brings Count III on behalf of herself and as a class action under Fed. R. Civ. P. 23(a) and 23(b)(3) seeking damages on behalf of the following class (the "Washington State Law Class")

> **All members of the Federal WARN Act Class who worked for Defendant Zulily, LLC in the State of Washington at the time of their termination.**

46. While Plaintiffs do not know the exact number of people within the Federal WARN Act Class, the Ohio State Law Class, and the Washington State Law Class (collectively, the "Classes") there are likely to be at least fifty, or more, for each class given that the total number of employees who were laid off from Defendant Zulily during the relevant time period were over 800.

47. Common questions of law and fact exist as to all members of the Classes. All employees were subject to the same common decisions by Defendant Regent (a) to order the liquidation of Defendant Zulily and (b) to order the layoff of substantially all the employees of Defendant Zulily. As a result, common questions of law and fact include without limitation the following:

    a. Whether Defendant Regent is an "employer" of the members of the Classes for purposes of the WARN Act under the "single employer doctrine." *See, e.g.*, *Fleming v. Bayou Steel Bd. of Holdings II, L.L.C.*, 83 F.4th 278, 294-299 (5th Cir. 2023) (finding genuine issues of material fact on whether a private equity firm that ordered a mass layoff or plant closing at one of its portfolio companies could be held liable under the WARN Act and the single employer doctrine); *Hampton v. Navigation Capital Partners, Inc.*, 64 F.Supp.3d 622, 624-30 (D. Del. 2014) (denying a motion to dismiss under Fed. R. Civ. P. 12(b)(6) because a private equity firm that ordered a plant closing or mass layoff could be held liable under the WARN Act and the single employer doctrine); *Rangel v. Cardell Cabinetry, LLC*, No. SA-13-CA-843, 2014 U.S. Dist. LEXIS 190077, at *3-13 (W.D. Tex. Jan. 17, 2014) (same); *Young v. Fortis Plastics, LLC*, No. 3:12-cv-364, 2013 U.S. Dist. LEXIS 137075, at *8-22 (N.D. Ind. Sep. 24, 2013) (same).

b. Whether Defendant Regent is an "employer" of the members of the Classes for purposes of Ohio state law and/or Washington state law on prompt payment of wages owed to employees.

c. Whether Defendant ZABC is a "successor employer" of the members of the Classes for purposes of the WARN Act.

d. Whether Defendant ZABC is a "successor employer" of the members of the Classes for purposes of Ohio state law and/or Washington state law on prompt payment of wages owed to employees.

e. Whether the remote employees of Defendant Zulily are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5).

f. Whether Defendant Regent ordered and/or Defendant Zulily conducted a "plant closing" within the meaning of 29 U.S.C. § 2101(a)(2).

g. Whether Defendant Regent ordered and/or Defendant Zulily conducted a "mass layoff" within the meaning of 29 U.S.C. § 2101(a)(3).

h. The back pay that Defendants owe Plaintiffs and the members of the Classes.

i. The waiting time penalties that Defendants owe Plaintiffs and the members of the Classes.

j. The attorneys' fees Defendants owe Plaintiffs and the members of the Classes.

48. The claims of Plaintiffs are typical of the claims belonging to the Classes. Plaintiffs and members of the Classes are all similarly affected.

49. Plaintiffs' interests are coincident with, and not antagonistic to, those of the other members of the Classes. Plaintiffs are represented by counsel who are competent and experienced in the prosecution of employment and class litigation.

50. For the claims asserted by the Classes, the common questions of law and fact predominate over any individual questions. Furthermore, class action treatment is a superior method for the fair and efficient adjudication of the controversy because such treatment will permit many similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication that individual actions would cause. Finally, the benefits of proceeding through the class mechanism substantially outweigh any difficulties that may arise in the management of this class action.

## VI. CLAIMS FOR RELIEF

### COUNT I

**Violation of the Worker Adjustment and Retraining Notification Act,
29 U.S.C. §§ 2101, et seq.
(Failure to Provide Advance Notice of a Plant Closing or Mass Layoff)**

**By Plaintiffs, on Behalf of Themselves and Federal WARN Act Class,
Against All Defendants**

51. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

52. Plaintiffs and all others similarly situated were at all relevant times "affected employee[s]" within the meaning of the 29 U.S.C. § 2101(a)(5).

53. Defendants were at all relevant times "employer[s]" within the meaning of 29 U.S.C. § 2101(a)(1).

54. Plaintiffs and all others similarly situated were at all relevant times "aggrieved employee[s]" within the meaning of the 29 U.S.C. § 2104(a)(7) because they suffered an

"employment loss" as a result of a "plant closing" or "mass layoff" within the meaning of 29 U.S.C. § 2101(a)(2), 29 U.S.C. § 2101(a)(3), and 29 U.S.C. § 2101(a)(6).

55. Defendants violated 29 U.S.C. § 2102 when they failed to provide Plaintiffs and all others similarly situated sixty days' advance notice of the "plant closing" or "mass layoff" that resulted in Plaintiffs and all others similarly situated suffering an "employment loss."

56. As a proximate result of Defendants' actions, Plaintiffs and all others similarly situated have been and continue to be damaged in an amount to be determined at trial.

57. Pursuant 29 U.S.C. § 2104(a)(6), Plaintiffs and all others similarly situated are entitled to reasonable attorneys' fees incurred in pursuing Count I.

## COUNT II

### Violation of Ohio Revised Code Section 4113.15
### (Failure to Tender Prompt Payment)

**By Plaintiffs Douglas and Prestwood, on Behalf of Themselves and the Ohio State Law Class, Against All Defendants**

58. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

59. Plaintiffs Douglas and Prestwood and all others similarly situated were at all relevant times "employee[s]" within the meaning of Ohio Revised Code Chapter 4113.

60. Defendants were at all relevant times employer(s) within the meaning of Ohio Revised Code Section 4113.15(D)(4).

61. The sixty days of wages owed under the WARN Act in lieu of sixty days' advance notice constitute "wages" under state law. Defendants therefore violated Ohio Revised Code Section 4113.15(A) when they failed to pay Plaintiffs Douglas and Prestwood and all others similarly situated all wages earned within the statutory period.

13

62. Defendants failed to make such payments within thirty days of the "regularly scheduled payday(s)" required by Ohio Revised Code Section 4113.15(B).

63. As a proximate result of Defendants' actions, Plaintiffs Douglas and Prestwood and all others similarly situated have been and continue to be damaged in an amount to be determined at trial.

64. Pursuant to Ohio Revised Code Section 4113.15(B), Plaintiffs Douglas and Prestwood all others similarly situated are entitled to liquidated damages in an amount equal to six percent of the unpaid compensation per payroll period or two hundred dollars per payroll period, whichever is greater.

## COUNT III

**Violation of the Washington Wage Rebate Act, Rev. Code Wash. § 49.52.050(2)**
**(Willful Failure to Pay Wages Owed)**

**By Plaintiff Smith, on Behalf of Herself and the Washington State Law Class,**
**Against All Defendants**

255. All preceding paragraphs are incorporated by reference as if fully restated in this paragraph.

256. Plaintiff Smith and all others similarly situated were at all relevant times "employee[s]" within the meaning of the Revised Code of Washington Section 49.52.050.

257. Defendants were at all relevant times "employer[s]" within the meaning of the Revised Code of Washington Section 49.52.050.

258. The sixty days of wages owed under the WARN Act in lieu of sixty days' advance notice constitute "wages" under state law. Defendants therefore violated Revised Code of Washington Section 49.52.050(2) when they willfully failed to pay Plaintiff Smith all others similarly situated all wages owed within the statutory and regulatory period.

259. As a proximate result of Defendants' actions, Plaintiff Smith and all others similarly situated have been and continue to be damaged in an amount to be determined at trial.

260. Pursuant to Revised Code of Washington Section 49.52.070, Plaintiff Smith and all others similarly situated are entitled to liquidated damages in an amount equal to twice the unpaid wages.

261. Pursuant to Revised Code of Washington Section 49.52.070, Plaintiff Smith and all others similarly situated are entitled to reasonable attorneys' fees incurred in pursuing Count III.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request judgment in their favor and in favor of the members of the Classes on all claims in this Complaint and request the following relief:

A. Economic compensatory damages in an amount to be determined at trial;

B. Non-economic compensatory damages in an amount to be determined at trial;

C. Liquidated, treble, punitive, or other exemplary damages in an amount to be determined at trial;

D. Reasonable attorneys' fees incurred in pursuing the claims against Defendants;

E. All costs and expenses incurred in pursuing the claims against Defendants;

F. Pre- and post-judgment interest; and

G. All other legal and equitable relief this Court and/or a jury determines is appropriate.

## VIII. JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiffs demand a trial by jury on all claims and issues that are triable.

Respectfully submitted,

By: /s/ Jason E. Starling
Jason E. Starling (Ohio Bar No. 0082619)
WILLIS SPANGLER STARLING
4635 Trueman Boulevard, Suite 200
Hilliard, Ohio 43026
Telephone: (614) 586-7915
Facsimile: (614) 586-7901
jstarling@willisattorneys.com

John C. Camillus (Ohio Bar No. 0077435)
LAW OFFICES OF JOHN C. CAMILLUS, LLC
P.O. Box 141410
Columbus, Ohio 43214
Telephone: (614) 992-1000
Facsimile: (614) 559-6731
jcamillus@camilluslaw.com

*Attorneys for Plaintiffs Alex Douglas, Samuel Prestwood, Jittania Smith, and the Putative Classes*